# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                 Case No. 00-CR-80128-DT

v.

                                 HONORABLE DENISE PAGE HOOD

KEVIN MINNIEFIELD (D-9),

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR CLARIFICATION OF SENTENCE

I.     **Background**

Defendant Kevin Minniefield pled guilty to Count 3, 18 U.S.C. § 922(g)(1) of the Fourth

Superseding Indictment. On April 28, 2005, the Court sentenced Minniefield to 34 months of

imprisonment. An Amended Judgment was filed on November 16, 2005, noting that "This sentence

shall run concurrent with the present sentence the defendant is serving in Palmdale, California."

(11/16/05 Judgment, p. 2)

On November 13, 2006, Minniefield filed a Motion for Clarification of Sentence.

Minniefield claims that he should receive credit for the 20 months he was in custody in the Federal

Detention Center prior to being sentenced on April 28, 2005 and the months prior to being returned

to state custody to serve his state sentence. Minniefield claims he was summoned on October 3,

2003 out of state prison on a writ to appear before this Court and that he stayed in custody in a

Federal Detention Center during the proceedings before this Court. Minniefield states that he was

returned to the California Department of Corrections on July 19, 2005 and completed his state term

on September 7, 2006. Minniefield was returned to federal custody on September 7, 2006 to serve

his federal sentence. Minniefield claims in his motion that the federal institution "is applying to this Court's mention of concurrent to [the] state prison system." (Motion p. 2) Minniefield seeks clarification the Court's statement regarding the concurrent sentence "so that petitioner can receive the 20 months served in Federal Detention Center." (Motion p. 2)

## II.    Analysis

The Court must first address whether it has the authority to review the issue raised by Minniefield in his motion. Section § 3582 states that any judgment entered by the Court is final and may only be changed pursuant to Rule 35 or if the sentencing guidelines have changed pursuant to 18 U.S.C. § 3742. 18 U.S.C. § 3582. Rule 35 of the Federal Rules of Criminal Procedure only allow correction of sentences under certain circumstances. Rule 35(a) allows correction of a sentence if the Court acts within 7 days of the imposition of a sentence and if the Court has made an arithmetical, technical or clear error. The motion was filed more than 7 days from the imposition of the sentence. Rule 35(b) allows reduction of sentences for substantial assistance on the Government's motion. The Government has not filed such a motion. The sentencing guidelines are not at issue in this motion. The Court cannot change Minniefield's Judgment under Rule 35.

In *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991), the Sixth Circuit held that a challenge to the *execution* of a sentence must be brought through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. It is the Attorney General, through the Bureau of Prisons, and not the district court, that is authorized pursuant to § 3585(b), to grant a defendant credit for time served prior to sentencing. *United States v. Wilson,* 503 U.S. 329, 335 (1992). Only after a prisoner seeks administrative review of the computation of this credit and has exhausted administrative remedies, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *Id.* at 335. The district

court has no authority to review a claim for sentence credit unless a prisoner has shown that his administrative remedies with the Bureau of Prison has been exhausted. *Id.* at 333.

Although Minniefield does not raise this issue by way of a Section 2255 motion, the district court does not have jurisdiction to address the *execution* of a sentence by a motion to vacate the sentence under 28 U.S.C. § 2255. *Jalili*, 925 F.2d 893. Motions brought pursuant to 28 U.S.C. § 2255 must present a challenge of the constitutionality of the sentence: whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *Id.*

In his motion, Minniefield seeks to challenge the *execution* of a sentence, that is, how much credit, if any, the Bureau of Prison should include in its calculation of Minniefield's sentence. Specifically, Minniefield seeks credit for the 20 months he served with the Federal Detention Center during the pendency of the matter before this Court and prior to being returned to state custody in order to finish serving his state sentence.[1] Because Minniefield is challenging the *execution* of his sentence by the Bureau of Prison, Minniefield must first exhaust his administrative remedies before the Bureau of Prisons and then file a writ of habeas corpus under 28 U.S.C. § 2241 in order for the Court to review his claim. Minniefield has not shown that he has exhausted his administrative remedies before the Bureau of Prisons. The Court has no authority to review his motion for clarification.

---

[1] The Judgment mentions Minniefield's sentence being served in Palmdale, California and does not mention any credit for time served while at the Federal Detention Center.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Clarification of Sentence **(Docket No. 295, filed November 13, 2006)** is DENIED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager